# White v. Wolffe.

## Mandamus.

*Claim against Montgomery county; when mandamus will not lie to compel payment of.*—Since the passage of the "act to establish a board of revenue for Montgomery county," approved March 11th, 1875, and the act in relation to the finances of Montgomery county, the county treasurer has no authority to pay out any money, except on warrants authorized by the board of revenue, and an application for *mandamus* to compel him to pay a warrant not authorized by the board of revenue, must be denied. Both of these acts are constitutional, and neither impair the obligation of contracts in any manner, in the requirement that the board shall enquire into the legality of warrants already issued.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JAMES Q. SMITH.

This was an application made by Joel White, to the circuit court for a *mandamus* to compel the treasurer of the county to pay certain warrants drawn by the probate judge, for stationery furnished him for the use of the county, at various times between August, 1873, and March, 1875.

The petition showed that the claims against the county had been passed upon and allowed by the court of county commissioners, as required by the law in force at that time, and that the warrants he held were issued by order of said court of county commissioners, and that he had presented the warrants to the treasurer of the county, who had endorsed thereon the date of presentation, there being no money in the treasury at that time to pay them.

It was alleged, that the claims for which the warrants were issued, were by the laws in force at that time preferred claims, and should be paid before any other claims, except certain other specified claims described in the statutes of Alabama, and that he had duly presented them to the treasurer, who refused to pay them, giving as a reason for refusing, that the warrants were not drawn by the board of revenue, and that by law he was not authorized to pay them.

The petition further alleged, that the law, so far as it applied to his claim, was unconstitutional and void, as it impaired the obligation of a contract by which his claim was to be a preferred one; that the treasurer had paid large claims, over which the warrants held by petitioner had preference, since demand made on him for their payment.

Petitioner further alleged that the treasurer had on hand more than sufficient funds to pay all claims which had preference over his, and also to provide for the payment of

all county expenses, which by the law the treasurer was required to hold cash funds to meet, and also to pay off his said warrants.

The court ordered a rule to show cause to be issued to the treasurer (Wolffe).

Wolffe answered, admitting that the warrants held by petitioner were drawn by the probate judge as stated in the petition, but denying that he had paid any claims against the county which did not have preference of the petitioner's, alleging that there were many other claims which had the preference still due and unpaid. He showed that he had been served with a written notice not to pay any warrant, unless drawn by the board of revenue, and alleged that since its reception he had paid no warrant, not drawn by them, unless compelled to do so by a *mandamus* from the courts. He also denied that he had any money on hand to pay petitioner's warrants when they were presented, or that he had any at that time with which to pay them.

On the hearing, the court denied the application, dismissed the rule, and taxed petitioner with the costs; hence the appeal.

THOS. H. WATTS, and HENRY C. SEMPLE, for appellant.

RICE, JONES & WILEY, *contra.*

STONE, J.—The act " to establish a board of revenue for Montgomery county," Sess. Acts 1875-6, p. 513, and the act " in relation to the finances of Montgomery county," *id.* p. 621, work very material changes in the matter of auditing and paying claims against the county. Section 6 of the latter act requires that moneys in the treasury " shall be paid out only on warrants authorized by the board of revenue." These acts are purely remedial in their character; give evidence on their face that they were enacted to meet a supposed public want, and we do not think that they in the least impair the obligation of any contract.—See *Board of Revenue v. Barber,* 53 Ala. 589; Cooley on Cons. Lim. 280; *id.* 273 *et seq.* 126.

The petition in this cause does not aver that the warrants it seeks to recover were authorized by the board of revenue of Montgomery county. This is a fatal defect, for which the judgment of the circuit court must be affirmed.